UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:06-CR-28-TLS |
| | ) | |
| FRANK D. MCGRAW | ) | |

**OPINION**

The Defendant Frank McGraw was indicted on May 24, 2006, for possessing with the intent to distribute between five and fifty grams of a substance containing crack in violation of 21 U.S.C. § 841(a)(1). On August 25, 2006, the Defendant filed a motion to suppress evidence seized in the search of his residence on April 6, 2006. The Defendant requested a hearing on the matter. The government responded on September 11, 2006, arguing no hearing is required.

The Court agrees with the government that the Defendant has not provided the Court with information sufficient to "enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion." *United States v. Juarez*, 454 F.3d 717, 719–20 (7th Cir. 2006). The Court cannot determine from the Defendant's motion the basis on which the Defendant seeks to suppress the government's evidence. For example, the Defendant seeks to suppress the evidence uncovered in the initial search, but does not allege any facts that suggest that search was illegal. The Defendant also claims the search warrant and underlying affidavit "contain factual inaccuracies." The only inaccuracy referred to in the Defendant's motion is that the affidavit and warrant do not identify the apartment to be search. However, both the search warrant and the underlying affidavit describe the apartment and give its address: 2228 S. Harrison St., Apt. 2, Fort Wayne, Allen County, Indiana. The Defendant does not say what about the description or address is inaccurate.

Also, if the Defendant is only challenging the facial sufficiency of the warrant, no hearing is required, and if he is challenging the underlying affidavit, a hearing is required only if the

requirements outlined in *Franks v. Delaware*, 438 U.S. 154 (1978) are met:

> To mandate an evidentiary hearing . . . [t]here must be allegations of deliberate falsehood or of reckless disregard for the truth, and *those allegations must be accompanied by an offer of proof*. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. *Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.* Allegations of negligence or innocent mistake are insufficient.

*Id*. at 171–72 (emphasis added).[1] In addition, the Defendant must show that the incorrect statement was material, that is, was necessary for a finding of probable cause to issue the warrant. *United States v. McAllister*, 18 F.3d 1412, 1416 (7th Cir. 1994).

The Defendant has not presented any basis for invalidating the search warrant or suppressing the government's evidence. Moreover, the Defendant has not presented any evidence that challenges the veracity of the search warrant affidavit, as required by *Franks*. The Court will not guess the basis for the Defendant's motion and engage in an analysis of all the issues that could conceivably have been presented. Rather, the Court denies the Defendants' motion and will give the Defendant time to refile the motion so that it clearly sets out what facts are in dispute that require a hearing and the basis for seeking suppression of the government's evidence.

**ORDER**

The Defendant's Motion to Suppress [DE 17] is DENIED WITHOUT PREJUDICE. The Defendant is GRANTED fifteen days to file another motion in accordance with this opinion. The government will have fifteen days to respond. Any delay resulting from this briefing schedule is EXCLUDED from time calculation under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(F);

---

[1] "A Franks hearing affords a defendant the opportunity to show, by a preponderance of the evidence, that the warrant affidavit contained perjury or a reckless disregard for the truth. If the defendant meets this burden, the court will set aside that 'false material' contained in the warrant affidavit, and if probable cause cannot be established from the valid and truthful portion of the affidavit, the entire search is deemed to be invalid and the ensuing search is void." *United States v. McDonald*, 723 F.2d 1288, 1292 (7th Cir.1983).

*United States v. Tibboel*, 753 F.2d 608, 610 (7th Cir. 1985).

     A telephone status conference is SET for September 25, 2006, at 3:30 p.m., in place of the final pretrial conference scheduled for that time.

     SO ORDERED on September 20, 2006.

                            S/ Theresa L. Springmann  
                          THERESA L. SPRINGMANN  
                          UNITED STATES DISTRICT COURT