UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:06-CR-28-TS |
| | ) | |
| FRANK D. MCGRAW | ) | |

**OPINION & ORDER**

This matter is before the Court on the Defendant's motion to suppress, filed on October 5, 2006. The Defendant argues that all evidence seized at a search of his residence at 2228 S. Harrison Street, Fort Wayne, Indiana, on April 6, 2006, must be suppressed. According to the government, the police officers performed a search pursuant to a warrant of an apartment in the same building as the Defendant's apartment. They decided the entire building needed to be condemned and asked the residents in the neighboring apartments to leave, including the Defendant. According to the Defendant, the police officers asked if they could enter his apartment, and he "emphatically denied their request." (Def. Br. 3, DE 23.) The Defendant retrieved his dog from his apartment unaccompanied and left the area. He denies that he had any controlled substances in his apartment.

The government's account differs from that of the Defendant. The government states that the Defendant consented to a protective sweep of his apartment, and that upon entering his apartment, the police saw what appeared to them to be controlled substances in plain view, as well as a large sum of money. Upon discovering the controlled substances in plain view, the police submitted an affidavit attesting to these facts, and requested a warrant to search the apartment for controlled substances. The request for a warrant was granted. The search of the apartment revealed controlled substances, large amounts of currency, and other items.

The government argues that the Defendant is requesting a *Franks* hearing because he is challenging the facts stated in the search warrant affidavit. Though the Defendant is challenging the facts stated in the search warrant affidavit, he is challenging the legality of the search warrant only insofar as it resulted from the prior, allegedly illegal search. He claims the search that led to the issuance of the warrant was in violation of his Fourth Amendment rights because it was without warrant and he did not consent to the search. Because he is challenging the legality of the initial warrantless search, he need not meet the requirements for a *Franks* hearing. Having sufficiently shown that there are disputed facts surrounding the initial search of his apartment, the Defendant is entitled to a hearing as to whether the initial search of his apartment was lawful. Warrantless searches are presumptively unreasonable, and the government bears the burden of establishing that the Defendant gave his free and voluntary consent to the initial search of his apartment, *United States v. Strache*, 202 F.3d 980, 984 (7th Cir. 2000), or that exigent circumstances justified the search, *United States v. Rivera*, 248 F.3d 677, 680 (7th Cir. 2001).

A suppression hearing is SET for December 21, 2006 at 9:00 AM before Judge Theresa L. Springmann.

SO ORDERED on November 8, 2006.

    /s/ Theresa Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT