# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:06-CR-28-TLS |
| | ) | |
| FRANK D. MCGRAW | ) | |

## OPINION AND ORDER

Defendant Frank D. McGraw's Motion to Correct Sentence Under 28 U.S.C. § 2255 [ECF No. 111] is pending before this Court. The basis for the Defendant's Motion is the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), striking down as unconstitutionally vague the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii). The Defendant argues that in light of *Johnson*, his sentence, which involved a Guideline enhancement under the identically worded residual clause of U.S.S.G. § 4B1.2(a)(2), is unlawful. He asks to be re-sentenced without the enhancement.

On March 13, 2017, the Government filed a Notice of Supplemental Authority, alerting this Court to the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886, 2017 WL 855781 (Mar. 6, 2017), wherein the Court held that the United States Sentencing Guidelines are not subject to due process vagueness challenges. Accordingly, the residual clause found in § 4B1.2(a)(2) is not void for vagueness. *Beckles*, 2017 WL 855781, at * 6, 9. The Supreme Court held that its prior decision finding unconstitutionally vague the residual clause in the ACCA did not affect the identically worded residual clause in the Sentencing Guidelines. *Id.* at * 3, 5–6 (citing *Johnson*, 135 S. Ct. at 2563).

On March 21, 2017, the Defendant filed a Motion to Withdraw Motion to Correct Sentence Under 28 U.S.C. § 2255 [ECF No. 117], citing to the Supreme Court's decision in

*Beckles*. As the Defendant states, "it is futile" for him "to continue with his Motion to Correct Sentence Under 28 U.S.C. § 2255 based upon *Johnson*." (Mot. to Withdraw 2.)

The Court takes no issue with the Defendant's request that he be allowed to withdraw his Motion to Correct Sentence on grounds that it would be futile to proceed. However, the Court does wish to clarify the potential effect of the withdrawal.[1] Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), prisoners are entitled to one full opportunity to pursue collateral review. *See Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011). However, prisoners are barred from filing second or successive habeas petitions unless they obtain certification to do so from the court of appeals. *See* 28 U.S.C. § 2255(h) (providing that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"); *Suggs v. United States,* 705 F.3d 279, 282 (7th Cir. 2013) (citing *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007)) ("Without authorization from the court of appeals, the district court has no jurisdiction to hear the petition."); *United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007) (holding that unless the defendant "seeks and obtains permission from the court of appeals to file [a second or successive] motion, the district court is without jurisdiction to entertain his request").

> The problem is that the AEDPA does not define "second or successive." And counting from one to two in this context is not quite as elementary as it may seem; numerically second filings only trigger the second or successive prohibition if they follow a filing that "counts" as the prisoner's first (and only) opportunity for collateral review.

*Vitrano*, 643 F.3d at 233.

---

[1] The Defendant's Motion to Withdraw does not indicate whether the Defendant's position is that voluntarily withdrawing the Motion to Correct Sentence would have different procedural ramifications than a decision on the merits would have.

"A § 2255 motion need not be adjudicated on the merits to 'count' as a prisoner's first motion for AEDPA purposes." *Id.* (citing *Felder v. McVicar*, 113 F.3d 696, 697 (7th Cir. 1997)). For example, even if a prisoner voluntarily dismisses a § 2255 motion, he may be required to seek permission to file a second motion. *Compare Felder*, 113 F.3d at 698 (voluntarily dismissed motion "counts" when it is withdrawn due to conceding defeat), *with Garrett v. United States*, 178 F.3d 940, 942–43 (7th Cir.1999) (distinguishing *Felder* because motions were voluntarily withdrawn to obtain legal assistance to further development claims before the government responded). In *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000), the court described the difference as one between withdrawing the motion before the defendant "has any reason to think it is going to be denied (maybe he realizes that because of lack of legal assistance he cannot articulate his legal claim)," such as in *Garrett*, "and cases in which he withdraws it when it becomes clear to him that it is indeed about to be denied," which was illustrated in *Felder*. *Id.* at 770.

The situation here aligns with the dismissal in *Felder*. Accordingly, even if the Defendant withdraws his Motion, any subsequent habeas motion will have to comply with the AEDPA's requirements for second or successive motions. *See id.* at 771 (noting that because the defendant decided to withdraw his § 2255 motion only after "seeing the handwriting on the wall" his second motion should have been dismissed because he did not "demonstrate compliance with the conditions on the filing of a second or successive such motion"); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). ("A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.").

3

The Court highlights these realities because the Defendant should be provided an opportunity to consider whether he can amend his current Motion before he decides to withdraw the one full opportunity to seek collateral review the AEDPA provides. *See Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999) (noting that a part of the opportunity for collateral review is "an entitlement to add or drop issues while the litigation proceeds" that is governed by Federal Rule of Civil Procedure 15(a)); *see also Vitrano*, 643 F.3d at 234. However, the Defendant must be mindful of the AEDPA's statute of limitations, including the fact that where a sentence is unaffected by *Johnson* or any other "retroactively applicable" right "newly recognized by the Supreme Court," no fresh window to file a collateral attack exists. 28 U.S.C. § 2255(f)(3); *see also Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016).

## CONCLUSION

For the reasons stated above, the Court WITHHOLDS ruling on the Defendant's Motion to Withdraw Motion to Correct Sentence Under 28 U.S.C. § 2255 [ECF No. 117]. If, by June 13, 2017, the Court does not receive a supplement from the Defendant indicating otherwise, the Court will presume that the Defendant still intends to withdraw his Motion to Correct Sentence Under 28 U.S.C. § 2255 [ECF No. 111]. The procedural impact of withdrawing the Motion to Correct Sentence will not be definitively determined unless and until the Defendant attempts to file another habeas motion.

SO ORDERED on April 13, 2017.

     s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT