UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO.: 1:06-CR-28-TLS |
| | ) | |
| FRANK D. MCGRAW | ) | |

**OPINION AND ORDER**

The Court is in receipt of the Letter [ECF No. 120], written by the Defendant, Frank D. McGraw, and of a Notice to the Court [ECF No. 122], submitted by the previously-assigned Federal Community Defender. In the Letter, the Defendant expresses his desire to challenge his sentence on the ground that the Court found him to be a career offender on the basis of an offense that is no longer considered a crime of violence. The Defendant advanced this same argument in a previous Motion to Correct Sentence Under 28 U.S.C. § 2255 [ECF No. 111]. The basis for that Motion was the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), striking down as unconstitutionally vague the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii). The Defendant, through his appointed counsel, argued that his sentence involving a Guideline enhancement under the identically worded residual clause of U.S.S.G. § 4B1.2(a)(2) was unlawful in light of *Johnson*.

However, the Court never resolved the merits of his claim. The Defendant moved to withdraw the Motion, acknowledging that it would be futile to proceed after the Supreme Court ruled, in *Beckles v. United States*, 137 S. Ct. 886 (2017), that the United States Sentencing Guidelines are not subject to due process vagueness challenges. Accordingly, the residual clause found in § 4B1.2(a)(2) is not void for vagueness. *Beckles*, 137 S. Ct. at 892, 895. The Supreme Court held that its prior decision finding unconstitutionally vague the residual clause in the

ACCA did not affect the identically worded residual clause in the Sentencing Guidelines. *Id.* at 890.

The Court granted the Defendant's request to withdraw his Motion. Although the Defendant does not dispute the withdrawal, or even mention it, he now asks whether someone other than his previously appointed counsel can "look into" his claims. (Letter 2.)[1] The Court construes this as a request for appointment of counsel. Because the Defendant's criminal case is closed, and there are no pending motions, petitions, or complaints before the Court, counsel cannot be appointed. Moreover, the only reasons cited in the Letter as grounds for potential relief do not hint at a viable and timely claim for a defendant who was sentenced in July 2008, over nine years ago. For example, the Defendant mentions *Mathis* (referring to *Mathis v. United States*, 136 S. Ct. 2243 (2016)), but the Supreme Court has not declared *Mathis* to be retroactive, nor did the decision announce a new rule of constitutional law. *See Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016) ("*Mathis* interprets the statutory word "burglary" and does not depend on or announce any novel principle of constitutional law."). Where a sentence is unaffected by *Johnson* or any other "retroactively applicable" right "newly recognized by the Supreme Court," no fresh window to file a collateral attack exists.[2] 28 U.S.C. § 2255(f)(3); *see*

---

[1] According to the Notice to the Court, counsel has continued to explain to the Defendant the impact of *Beckles*, and to explain the distinguishing factual and legal implications of the other cases the Defendant believes are helpful to him. For example, the Notice indicates that counsel informed the Defendant that *United States v. Bennett*, 863 F.3d 679 (7th Cir. 2017), is not applicable to him due to the fact that the defendant in *Bennett* was sentenced as an Armed Career Offender 18 U.S.C. § 924(e) and not under the sentencing guidelines. Likewise, *Mathis v. United States*, 136 S. Ct. 2243 (2016), is not applicable because it too involves an Armed Career Criminal and does nothing to overrule or otherwise modify the Supreme Court's decision in *Beckles*.

[2] Section 2255(f) provides:

A 1–year period of limitation shall apply to a motion under this section. The limitation

*also Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016).

## CONCLUSION

For the reasons stated above, to the extent the Defendant's Letter [ECF No. 120] requests that the Court appoint counsel to represent him, that request is DENIED.

SO ORDERED on August 29, 2017.

                                  s/ Theresa L. Springmann
                                  CHIEF JUDGE THERESA L. SPRINGMANN
                                  UNITED STATES DISTRICT COURT

---

period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;
                            ***

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

28 U.S.C. § 2255(f).